IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LINDA GROOMS,
      Pro Se Plaintiff,

v.                                             Civil Action No. 3:14-cv-00849-JAG

HUNTER HOLMES MCGUIRE VETERANS
ADMINISTRATION MEDICAL CENTER,

HOSPITAL CORPORATION OF AMERICA/
JOHN RANDOLPH MEDICAL CENTER,

and VAN GO, INC.,
      Defendants.

## OPINION

This matter comes before the Court on (1) the amended motion to dismiss filed by Van

Go, Inc. ("Van Go"); (2) the motions to dismiss filed by John Randolph Medical Center

("JRMC");[1] and (3) the motion to dismiss or, in the alternative, for summary judgment filed by

Hunter Holmes McGuire Veterans Administration Medical Center ("VAMC"). The motions

seek to dismiss the complaint filed by Linda Grooms ("Mrs. Grooms"), pro se, as Administratrix

of the Estate of John Grooms, Sr.[2] For the reasons stated below, the Court GRANTS all motions

and DISMISSES the complaint WITH PREJUDICE.

---

[1] The Court takes note of the discrepancy in names between the style of the complaint—
"Hospital Corporation of America/John Randolph Medical Center—and the actual entity—
Columbia/HCA John Randolph, Inc. d/b/a/ John Randolph Medical Center. This decision shall
bind the appropriate entity. The Court also notes that JRMC filed two separate motions to
dismiss pursuant to Rule 12(b)(6). In the future, JRMC should combine all Rule 12(b)(6)
arguments into one motion compliant with Local Rule 7.

[2] The Court agrees with VAMC's and JRMC's reading of *Kone v. Wilson*, 272 Va. 59, 62–63,
630 S.E.2d 744, 746 (2006), in which the Supreme Court of Virginia disallowed an administrator
of an estate from bringing a wrongful death action pro se. *See also Bradley v. Johnson &
Johnson*, No. 1:12cv92 (JCC/IDD), 2012 WL 1957812, at *2–3 (E.D. Va. May 30, 2012)
(dismissing a wrongful death claim brought pro se by the personal representative for an estate for

## I. BACKGROUND

On December 4, 2012, John Grooms, Sr. ("Mr. Grooms"), received a scheduled dialysis treatment at VAMC. Scheduled for four hours of treatment, the dialysis technician apparently stopped the dialysis after three hours. Then, "[w]ithout being properly stabilized," VAMC placed Mr. Grooms in a Van Go van for transportation home. (Compl. ¶ 16.) When the van arrived at his home, Mr. Groom was unresponsive. An ambulance took Mr. Grooms to JRMC, the nearest hospital. The next day, the JRMC doctors pronounced Mr. Grooms brain-dead. Over the next week, Mr. Groom's family attempted to have him transferred to VAMC and to get a second opinion, neither of which proved successful. On December 17, 2012,[3] Mr. Grooms died of cardiac failure.

On November 25, 2014, Mrs. Grooms filed a "Claim for Damage, Injury, or Death" with VAMC. On December 19, 2014, she filed this lawsuit. She did not, and has not, produced an expert certification. On April 9, 2015, VAMC denied her administrative claim.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears *pro se*, although courts should liberally construe the complaint, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775

---

lack of subject matter jurisdiction). The Court, however, will not base its decision on this argument, as the arguments raised based on the merits of the complaint prove dispositive.

[3] Throughout Mrs. Grooms's filings, she uses three different years with Mr. Grooms's date of death: December 17, 2012, (*see, e.g.*, Compl. ¶¶ 47, 53), December 17, 2013, (*see, e.g.*, Pl.'s Resp. to Van Go's Mot. ¶ 2), and December 17, 2014, (*see, e.g.*, Compl. ¶¶ 38, 51). Read in context, Mr. Grooms clearly died on December 17, 2012. The Court also takes notice of the death certificate attached to VAMC's motion. (VAMC's Mot. Ex. 1.)

2

F.2d 1274, 1278 (4th Cir. 1985). Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated, "though [pro se] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278.

A motion under Rule 12(b)(1) tests the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). In a facial attack to subject matter jurisdiction, courts should presume the truth of the facts asserted in the complaint, as it would under a Rule 12(b)(6) consideration. *Id.*

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contested facts in the case or the factual basis of a claim or defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "The tenet that a court must accept as true all of the allegations contained in a complaint[, however,] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While many affirmative defenses raised by a defendant are inappropriate at the Rule 12(b)(6) stage, a defendant can succeed on a statute-of-limitations defense if all facts necessary

3

to show the time bar must clearly appear "on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir.2007) (internal citation omitted).

Finally, under Rule 56, parties may move for summary judgment on any claim or defense. Fed. R. Civ. P. 56(a). The familiar principles governing summary judgment allow the court to grant it if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* If "a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S 317, 322 (1986). In deciding a summary judgment motion, the court may look to "materials in the record," and must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once the movant satisfies its showing for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88 (1986). Finally, relevant here, "[courts] are always obliged to construe liberally the contentions being pursued by pro se parties." *Sinclair v. Mobile 360, Inc.*, 417 F. App'x 235, 243 (4th Cir. 2011) (unpublished) (citing *Gordon*, 574 F.2d at 1151) (applying the liberal construction for pro se parties to consideration of evidence at the summary judgment stage).

## III. DISCUSSION

The four counts in Mrs. Grooms's complaint stem from the same set of facts, alleging negligence—namely medical malpractice—by employees of VAMC, JRMC, and Van Go.[4]

---

[4] Mrs. Grooms summarizes her claims in paragraphs 39 and 40 of her complaint:
Mr. Grooms['] death was due to the staff at the Richmond VAMC's negligence in stopping Mr. Grooms' dialysis treatment an hour before it was scheduled to be

Specifically, Mrs. Grooms brings the following counts: (1) wrongful death, (2) survival action, (3) negligence, and (4) respondeat superior.   As a federal agency, VAMC raises different arguments in its motion than JRMC and Van Go, both private companies.   Thus, the Court will address these two groups separately.

### A. VAMC

The Court lacks jurisdiction over Mrs. Grooms's claims against VAMC because Mrs. Grooms failed to exhaust her administrative remedies as required by the Federal Tort Claims Act ("FTCA").   The FTCA permits claimants to bring tort claims against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."   28 U.S.C. § 1346(b)(1).   Before bringing such a claim in court, however, "a claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."   *Id.* at § 2675(a). Specifically, under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

finished; not making sure that Mr. Grooms was stabilized before sending him home; transporting Mr. Grooms home via a transport company contracted out by the Richmond VAMC, whereby Mr. Grooms, not stabilized, was made to be the last patient dropped off, never checked on during the long transport home, and by a driver not equipped to administer CPR in an emergency.   Mr. Grooms' death was further caused by the Richmond VAMC's refusal to accept his transfer from JRMC, and offer him treatment that the JRMC could not; nor provide Mr. Grooms with a second, independent medical evaluation on his condition."
(Compl. ¶¶ 39–40.)

*Id.* at § 2401(b).[5]  Thus, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).  This rule applies even if the agency denial occurs after the commencement of the lawsuit, but before "substantial progress has been made in the litigation," *id.* at 111–12, and even if the claimant appears pro se, *id.* at 113; *see also id.* ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

In this case, Mrs. Grooms filed an administrative claim with VAMC on November 25, 2014.  (VAMC's Mot. 2; Pl.'s Resp. to VAMC's Mot. 1.)  She filed this case on December 19, 2014.  VAMC denied her administrative claim on April 9, 2015.[6]  (VAMC's Mot. 2; Pl.'s Resp. to VAMC's Mot. 2.)  Consequently, Mrs. Grooms failed to exhaust her administrative remedies—by failing to wait for the denial of her administrative claim—before suing in federal court.  Without her administrative remedies exhausted, this Court cannot exercise jurisdiction over Mrs. Grooms's FTCA claims.

---

[5] In her response, Mrs. Grooms focuses on the word "or" within the statute, arguing that she met the statutory requirement by filing the administrative claim within the required two year period. In this context, the word "or" gives two options of when the tort claim "shall be forever barred." 18 U.S.C. § 2401(b).  This bar arises (1) if the claimant fails to bring an administrative claim within two years; *or* (2) if the claimant brings an administrative claim, gets denied, and then fails to sue in federal court within six months of the date of denial of the administrative claim.  *Id.* Mrs. Grooms correctly brought her administrative claim against VAMC within two years, but did not wait for the denial before suing in federal court.  This failure to wait for denial of her administrative claim proves decisive for Mrs. Grooms's claims.

[6] Mrs. Grooms agrees that the date on the letter reads April 9, 2015.  She argues that she did not receive this letter until sometime later based on the postal system.  The date Mrs. Grooms received the denial does not have any effect on this argument because, either way, VAMC denied Mrs. Grooms's administrative claim *after* Mrs. Grooms had already filed this case.

Even if Mrs. Grooms met the jurisdictional requirements outlined above, Mrs. Grooms failed to provide an expert certification as required by the Virginia Medical Malpractice[7] Act ("VMMA").[8]  The VMMA requires a plaintiff to certify that she "has obtained from an expert witness . . . a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant . . . deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Va. Code Ann. § 8.01-20.1.  The statute allows an exception when "expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." *Id.*; *see Coston v. Bio-Medical Applications of Va., Inc.*, 275 Va. 1, 5–7, 654 S.E.2d 560, 562–63 (2008) (providing examples of "rare circumstances" where "expert testimony is not necessary," including where a surgeon left a needle inside a patient's neck, where a nursing home left food with an Alzheimer's patient who could not eat without assistance, and where a dialysis center repeatedly placed the plaintiff in a defective chair).  If the exception does not apply, and if "[t]he plaintiff did not obtain a necessary certifying expert opinion . . . the court . . . may dismiss the case with prejudice." Va. Code Ann. § 8.01-20.1.

In this case, the parties agree that Mrs. Grooms did not provide a written expert certification. (VAMC's Mot. 2–3; Pl.'s Resp. to VAMC's Mot. 2.)  Mrs. Grooms argues that the exception should apply "because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." (Pl.'s Resp. to VAMC's Mot. 2.)  She analogizes this case to the layman's "understanding that oxygen is necessary to breath to sustain life, and if

---

[7] This statute applies to Mrs. Grooms's case because "'[m]alpractice' means any tort action or breach of contract action for *personal injuries* or *wrongful death*, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Va. Code Ann. § 8.01-581.1 (emphasis added).

[8] The Court analyzes this argument using the legal standard under Rule 56, *see supra* Part II, which allows the Court to look at the documents attached to VAMC's motion.

it is removed or diminished enough where normal breathing function cannot take place[,] the human body will suffer injury and even death." (*Id.*) The alleged negligence in this case consists of a VAMC employee stopping dialysis after three of the four scheduled hours of treatment, and placing Mr. Grooms in the Van Go van "[w]ithout being properly stabilized." This alleged negligence does not clearly lie "within the range of the jury's common knowledge and experience." Va. Code Ann. § 8.01-20.1. The general purpose of dialysis likely does not lie within the common knowledge of the jury, let alone what the fourth hour of dialysis treatment adds to the prior three hours. Further, "common knowledge and experience" does not include what it takes to "stabilize" a patient after dialysis. Mrs. Grooms, therefore, needed a written expert certification for her claims against the VAMC. Thus, the Court dismisses Mrs. Grooms's claims against VAMC on this alternative ground.

### B. JRMC and Van Go

The applicable statute of limitations bars Mrs. Grooms's claims against JRMC and Van Go. In Virginia, wrongful death claims "shall be brought . . . within two years after the death of the injured person." Va. Code Ann. § 8.01-244(B). "[E]very other action for personal injuries, whatever the theory of recovery, . . . shall be brought within two years after the cause of action accrues." *Id.* at § 8.01-243(A). The cause of action "accrues" on "the date the injury is sustained in the case of injury to the person." *Id.* at § 8.01-230. The law provides for tolling of the statute of limitations after the cause of action has accrued for incapacitated persons. *Id.* at § 8.01-229(A)(2)(b). "[A] person shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitation period." *Id.* The plaintiff bears the burden to establish entitlement to the protection of the tolling provision. *Mid-*

8

*Atlantic Bus. Commc'ns, Inc. v. Va. Dep't of Motor Vehicles*, 269 Va. 51, 58, 606 S.E.2d 835, 839 (2005).

In this case, Mr. Grooms sustained the underlying injury on December 4, 2012. He passed away on December 17, 2012. The statute of limitations ran, therefore, on December 4, 2014, for his survival action and negligence claims, and on December 17, 2014, for his wrongful death claim. Mrs. Grooms does not dispute these dates, but argues that she "is a permanently disabled senior citizen that at times during the period after her husband's death was incapacitated." (Pl.'s Resp. to JRMC's Mot. ¶ 3.) In support, she cites the death of three other family members and the burglary of her home. Mrs. Grooms does not meet the statutory standard for incapacity. A court did not adjudge her incapacitated, nor does this Court otherwise determine her incapacitated. "Incapacity" in the legal sense has a different meaning than the feeling of incapacity from physical disability, personal tragedy, sadness, or victimization. Accordingly, the Court cannot find the statute of limitations tolled and, therefore, must dismiss Mrs. Grooms's claims against JRMC and Van Go as barred by the statute of limitations.

## IV. <u>CONCLUSION</u>

In summary, as to the claims against VAMC, Mrs. Grooms failed to exhaust her administrative remedies with VAMC before filing this suit. Alternatively, once she filed this suit, she failed to provide an expert certification of her malpractice claim, as required by Virginia law. Further, as to the claims against JRMC and Van Go, the statute of limitation bars these claims. Thus, the Court GRANTS the motions of the three defendants and DISMISSES this case WITH PREJUDICE.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and mail a copy via

U.S. mail to the pro se plaintiff.

Date: _____1/11/16_____
Richmond, VA

_____/s/_____
John A. Gibney, Jr.
United States District Judge